LAW OFFICE OF MICHAEL D. LIBERTY
Michael D. Liberty (Bar No. 136088)
Jeffrey T. Rizzo (Bar No. 239170)
1290 Howard Avenue, Suite 303
Burlingame, California 94010
Telephone: (650) 685-8085
Facsimile: (650) 685-8086

Attorneys for Plaintiffs
NICKLOS CIOLINO, CHARLES CIOLINO,
DANIEL DELORENZI, ROBERT AGUILAR
and STEPHEN DANIELE

FILED
MAR 17 2006
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>JOHN A. RYAN and DANIELLE T. RYAN,<br><br>    Debtors and<br>    Debtors-in-Possession<br><br>_____<br><br>NICKLOS CIOLINO;<br>CHARLES CIOLINO;<br>DANIEL DELORENZI;<br>ROBERT AGUILAR; and<br>STEPHEN DANIELE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JOHN RYAN,<br><br>    Defendant. | CASE NO. 05-32933-DM11<br><br>CHAPTER 11<br><br>Adversary Proc. No. 05 3486<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN<br><br>Date: April 28, 2006<br>Time: 10:00 a.m.<br>Judge: Dennis Montali |

///
///
///
///

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN

## Table of Contents

I. INTRODUCTION .................................................. 2

II. STATEMENT OF FACTS ............................................ 2

   A. The Underlying Superior Court Action ....................... 2

   B. Plaintiffs' Instant Adversary Proceeding .................... 4

III. LEGAL ARGUMENT ............................................... 5

   A. Summary Judgment Standard ................................... 5

   B. Ryan's Debt to Plaintiffs is Nondischargeable ............... 6

      1. *Ryan's Debt is Nondischargeable Because Ryan Willfully and Maliciously Injured the Plaintiffs* ..... 6

      2. *The State Court Judgment Necessarily Precludes Litigation of the § 523(a)(6) Issue in Bankruptcy Court* .................................................. 7

      3. *Ryan is Abusing this Bankruptcy Proceeding to Escape His Rightful Judgment Creditors* ...................... 8

   C. Plaintiffs' Claims are Perfected ............................ 8

IV. CONCLUSION .................................................... 9

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Case: 05-03486    Doc# 10    Filed: 03/17/06    Entered: 03/20/06 12:42:28    Page 2 of 11

Table of Authorities

Cases

Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986) .............. 5
In re Diamond, 285 F.3d 822 (9th Cir. 2002) ...................... 6,7
In re Eastview Estates II, 713 F.2d 443 (9th Cir. 1983) .......... 8
In re Southern California Plastics, Inc., 165 F.3d 1243(9th Cir. 1999) ................................................................ 8
Kawaauhau v. Geiger, 523 U.S. 57 (1998) ............................ 6
Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) ............................................................. 6

Statutes

11 U.S.C. § 502 (2005) ............................................. 8
11 U.S.C. § 523 (1982) ............................................. 6
28 U.S.C. § 1738 (1948) ............................................ 6

Rules

Fed. R. Civ. P. 56 ................................................. 5

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

ii
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450 D.M. Adversary Proc. No. 05-3486)

Case: 05-03486    Doc# 10    Filed: 03/17/06    Entered: 03/20/06 12:42:28    Page 3 of 11

# I. INTRODUCTION

Plaintiffs seek a judgment from this court that the obligations due and owing to plaintiffs from John A. Ryan as a result of John A. Ryan's intentional misrepresentations and concealments, in the amount of $1,016,927.10, exclusive of interest and fees, constitute debts that are not dischargeable in bankruptcy, pursuant to U.S.C. § 523(a)(2)(A). Plaintiffs obtained a fraud and breach of contract verdict in Superior court. The jury found fraud by clear and convincing evidence, and awarded punitive damages. The verdict was reduced to judgment. Ryan appealed. The appellate court denied the appeal.

# II. STATEMENT OF FACTS

A. The Underlying Superior Court Action

Plaintiffs filed suit on April 30, 2002 in an underlying state court action against Ryan in the Superior Court of California, County of San Mateo ("the underlying state court action"). The underlying state court action against Ryan went to trial in San Mateo Superior Court before the Hon. Thomas McGinn Smith, commencing on December 1, 2003.

The jury in the underlying state court action returned a verdict on December 31, 2003 on the following causes of action:

- Fraud, including concealment
- Negligent misrepresentation
- Negligence
- Breach of fiduciary duty
- Breach of oral contract
- Unfair business practices

The jury found by clear and convincing evidence that John Ryan had defrauded each plaintiff. The Verdict Form: Special Findings
Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085
2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

(for fraud) is attached to the accompanying Michael D. Liberty Declaration as Exhibit A. The General Verdict Form, on all causes of action, is attached to the accompanying Michael D. Liberty Declaration as Exhibit B.

The jury awarded damages on behalf of plaintiffs against John Ryan in the following amounts:

| PLAINTIFF | AMOUNTS AWARDED |
|---|---|
| Charles Ciolino | $138,000 |
| Stephen Daniele | $130,000 |
| Daniel DeLorenzi | $120,000 |
| Nicklos Ciolino | $160,000 |
| Robert Aguilar | $55,000 |
| **TOTAL** | **$603,000** |

The jury found John A. Ryan had defrauded each plaintiff by clear and convincing evidence. The trial went to Phase Two, the punitive damages phase. The jury awarded each plaintiff punitive damages. The Special Verdict Form: Punitive Damages Phase is attached to the accompanying Michael D. Liberty Declaration as Exhibit C.

The jury awarded each plaintiff punitive damages against John A. Ryan for fraud in the following amounts:

| PLAINTIFF | PUNITIVE DAMAGES AMOUNTS |
|---|---|
| Charles Ciolino | $50,000 |
| Stephen Daniele | $50,000 |
| Daniel DeLorenzi | $50,000 |
| Nicklos Ciolino | $50,000 |
| Robert Aguilar | $25,000 |
| **TOTAL** | **$225,000** |

Judge Thomas McGinn-Smith also awarded plaintiffs in the underlying state court action prejudgment interest and granted costs in the following amounts:

| PLAINTIFF | PREJUDGMENT INTEREST | COSTS |
|---|---|---|
| Charles Ciolino | $32,702.19 | $5677.71 |
| Stephen Daniele | $27,431.23 | $5574.21 |

| | | |
|---|---|---|
| Daniel DeLorenzi | $31,144.11 | $5483.21 |
| Nicklos Ciolino | $53,686.78 | $5617.71 |
| Robert Aguilar | $16,052.74 | $5557.21 |
| **TOTAL** | **$161,017.05** | **$27,910.05** |

Plaintiffs filed first amended judgments on March 25, 2004 in the following amounts:

| PLAINTIFF | TOTAL AMOUNT OF AMENDED JUDGMENTS |
|---|---|
| Charles Ciolino | $226.379.90 |
| Stephen Daniele | $213,005.44 |
| Daniel DeLorenzi | $206,627.32 |
| Nicklos Ciolino | $269,304.49 |
| Robert Aguilar | $101,609.95 |
| **TOTAL** | **$1,016,927.10** |

The First Amended Judgments are attached to the accompanying Michael D. Liberty Declaration as Exhibit D. Interest continues to accrue on the judgment at a rate of 10% per year.

John Ryan appealed the underlying jury verdict on February 24, 2004, in Division Three of the First Appellate District of the California Court of Appeal. On August 29, 2005 the Court of Appeal unanimously affirmed plaintiffs' judgments. The Appellate Court decision is attached to the accompanying Michael D. Liberty Declaration as Exhibit E. Plaintiffs' judgments against John A. Ryan are final and binding.

In connection with their judgments, each plaintiff recorded an abstract of judgment against John Ryan's real property located at 8 Wilmington Acres, Redwood City, California. The abstracts are attached to the accompanying Michael D. Liberty Declaration as Exhibit F.

B. <u>Plaintiffs' Instant Adversary Proceeding</u>

John A. Ryan and Danielle T. Ryan filed for Chapter 11 bankruptcy protection on September 7, 2005. The Notice of Chapter 11

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450 DM Adversary Proc. No. 05-03486)

Case: 05-03486   Doc# 10   Filed: 03/17/06   Entered: 03/20/06 12:42:28   Page 6 of 11

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

Bankruptcy Case is attached to the accompanying Michael D. Liberty Declaration as Exhibit G.

Plaintiffs filed proof of claims on December 30, 2005. The proof of claims are attached to the accompanying Michael D. Liberty Declaration as Exhibit H. Plaintiffs filed an adversary complaint against John A. Ryan to determine nondischargeability of John A. Ryan's debt. The Adversary Proceeding Cover Sheet is attached to the accompanying Michael D. Liberty Declaration as Exhibit I. Plaintiffs now file the instant motion for summary judgment.

### III. **LEGAL ARGUMENT**

A. Summary Judgment Standard

The party moving for summary judgment is not entitled to judgment as a matter of law if the pleadings, discovery responses, and supporting affidavits, if any, show that there is genuine issue as to any material fact. FED. R. CIV. P. 56(c). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

The threshold inquiry is whether there are any genuine issues of fact that may be properly resolved only by the trier of fact because they may reasonably be resolved in favor of either party. *Id.* at 250. On a motion for summary adjudication, the evidence of the nonmovant is taken as true and all justifiable inferences are drawn in the nonmovant's favor. *Id.* at 269 (Rhenquist, C.J., dissenting). A dispute over any fact that might affect the outcome of the suit under the substantive law will properly defeat a motion for summary adjudication. *Id.* at 247, 248.

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN (Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Case: 05-03486   Doc# 10   Filed: 03/17/06   Entered: 03/20/06 12:42:28   Page 7 of 11

B. <u>Ryan's Debt to Plaintiffs is Nondischargeable</u>

1.  *Ryan's Debt is Nondischargeable Because Ryan Willfully and Maliciously Injured the Plaintiffs And The Jury Found Fraud By Clear And Convincing Evidence.*

11 U.S.C. § 523(a)(6) provides as follows:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt...(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

A "willful and malicious" injury under § 523(a)(6) is committed when a party is intentionally injured. In re Diamond, 285 F.3d 822, 828 (9th Cir. 2002). "§ 523(a)(6)'s formulation triggers in the lawyer's mind the category of 'intentional torts,' which generally require that the actor intend the consequences of an act, not simply the act itself." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).

Here, the jury's special findings reveal the jury did not find John A. Ryan acted with malice. The jury did find, however, John A. Ryan liable for fraud. Because fraud is an intentional tort, the jury necessarily found that John A. Ryan intentionally injured plaintiffs. The jury's verdict, the superior court's judgment on the jury's verdict, and the court of appeal's affirmation of the judgment all conclusively prove John A. Ryan intentionally injured plaintiffs. Therefore, John A. Ryan willfully and maliciously injured plaintiffs, within the meaning of § 523(a)(6).

2.  *The State Court Judgment Necessarily Precludes Litigation of the § 523(a)(6) Issue in Bankruptcy Court*

Generally, federal courts are required to give state court judgments full faith and credit. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). "[A] state court

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Case: 05-03486   Doc# 10   Filed: 03/17/06   Entered: 03/20/06 12:42:28   Page 8 of 11

judgment in a subsequent federal lawsuit...'shall have the same full faith and credit in every court within the United States...as they have by law or usage in the courts of such State...from which they are taken.'" Id. *citing* 28 U.S.C. § 1738.

The exact same § 523(a)(6) issue was presented in *In re Diamond*. There, the court held: "In order to find fraud, the jury had to determine that there was intentional tortious conduct. Therefore, the issues implicated by § 523(a)(6) were actually litigated in the state court proceeding, and the bankruptcy court was correct to accord the state court judgment preclusive effect..." In re Diamond, *supra*, 285 F.3d at 828.

Similarly here, the jury found John A. Ryan defrauded plaintiffs, therefore finding intentional tortious conduct. Thus, John A. Ryan's conduct was actually litigated in state court, and this court should accord preclusive effect to those judgments.

3. *Ryan is Abusing this Bankruptcy Proceeding to Escape His Rightful Judgment Creditors*

Shortly after plaintiffs recorded their five prejudgment writs of attachment, John Ryan's friend, Lawrence Chazen, recorded a fraudulent deed of trust on Ryan's property in the amount of $964,000. John Ryan's friend, William Stewart, recorded a fraudulent deed of trust on John Ryan's property in the amount of $167,000. John Ryan's family members, including his mother, two sisters and their husbands, recorded a fraudulent deed of trust on Ryan's property in the amount of $750,000. These fraudulent deeds of trust are preventing plaintiffs' judgment liens from merging with their attachment liens. But for John Ryan's fraudulent activity,

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Case: 05-03486   Doc# 10   Filed: 03/17/06   Entered: 03/20/06 12:42:28   Page 9 of 11

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

the instant bankruptcy proceeding would not exist, and plaintiffs would have recovered for Ryan's wrongs long ago.

C. <u>Plaintiffs' Claims are Perfected</u>

11 U.S.C. § 502(a) provides that "[a] claim of interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest...objects." In re Southern California Plastics, Inc., 165 F.3d 1243, 1247-8 (9th Cir. 1999). 11 U.S.C. § 502(b)(1) provides that the court "shall allow" a claim, proof of which has been filed, "except to the extent that ...such claim is unenforceable against the debtor...under any...applicable law." In re Eastview Estates II, 713 F.2d 443, 447 (9th Cir. 1983).

In connection with their judgments, each plaintiff recorded an abstract of judgment against John Ryan's real property located at 8 Wilmington Acres, Redwood City, California. (Liberty Decl., Ex. F.) Plaintiffs have taken all the necessary steps to recover from John A. Ryan. Under California law, plaintiffs could lawfully enforce their judgments against John A. Ryan. But for John Ryan's fraudulent transfers, plaintiffs efforts would have yielded their just results. Therefore, Plaintiffs' claim is allowable because it is enforceable against Ryan's property under California law.

## IV. **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for summary judgment seeking a declaration that John A. Ryan's debts to plaintiffs are nondischargeable should be granted.

DATED: March 16, 2006

LAW OFFICE OF MICHAEL D. LIBERTY

By: _____
Michael D. Liberty
Attorney for Plaintiffs

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to the within entitled action. I am employed in the County of San Mateo; my business address is 1290 Howard Avenue, Suite 303, Burlingame, CA 94010. On this date, I served the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN

_X_ By placing for collection and mailing, following ordinary business practices at my place of business, a true and correct copy thereof, in a sealed envelope with postage thereon fully prepaid, and addressed as set forth below. I am familiar with the business practice for collection and processing of documents for mailing with the United States Postal Service, said practice being that in the ordinary course of business, documents are deposited with the United States Postal Service on the same day as they are placed for collection.

____ By personal service on the parties to this action by causing a true and correct _____ thereof to be hand delivered to the offices or addresses of the person(s) set forth below.

T. Michael Turner
236 West Portal Avenue, #53
San Francisco, CA 94127

James F. Beiden
840 Hinckley Road, Suite 245
Burlingame, CA 94010

Iain MacDonald
MacDonald & Associates
Two Embarcadero Center, Suite 1670
San Francisco, CA 94111

Laurie Hepler
Carroll Burdick & McDonough
44 Montgomery Street, #400
San Francisco, CA 94104

Michele L. McGill
Law Office of Michele McGill
220 Sansome Street, 6th Floor
San Francisco, CA 94104

Desmond B. Tuck
Law Offices of Desmond Tuck
177 Bovet Rd #600
San Mateo, CA 94402

Herbert Rowland
Ragghianti Freitas LLP
874 4th Street, Suite D
San Rafael, CA 94901

Michael Mazzocone
400 Montgomery Street, Suite 200
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2006 at Burlingame, California.

*Maribel Gomez* (signature)

Law Office Of Michael D. Liberty
1290 Howard Ave., Suite 303
Burlingame, CA 94010
650-685-8085

9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: NONDISCHARGEABILITY OF DEBT OF DEBTOR JOHN A. RYAN
(Case No. 05-03450, D.M. Adversary Proc. No. 05-3486)

Case: 05-03486   Doc# 10   Filed: 03/17/06   Entered: 03/20/06 12:42:28   Page 11 of 11